# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

JEROME BYRD,

        Plaintiff,

v.

NJ DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

Civ. No. 17-0016 (RBK) (JS)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, Jerome Byrd, is a state prisoner at the South Woods State Prison in Bridgeton, New Jersey. He is proceeding *pro se* with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. The Court dismissed the original complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) on March 24, 2017 and gave plaintiff leave to amend. *See* ECF No. 4. Thereafter, Mr. Byrd submitted a proposed amended complaint. *See* ECF No. 5. For the following reasons, Mr. Byrd's proposed amended complaint will also be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II. BACKGROUND

The allegations in Mr. Byrd's proposed amended complaint will be construed as true for purposes of this screening opinion. Mr. Byrd names as defendants: (1) Senior Corrections Officer Brown; (2) Senior Corrections Officer Milbourne; (3) a third unnamed Senior Corrections Officer, identified as John Doe; (4) Willie Bonds, Administrator at the State of New

Jersey Department of Corrections, South Woods State Prison ("SWSP"); and (5) SWSP inmate, Kevin Canfield.[1]

Mr. Byrd's allegations center on an incident that occurred at SWSP Facility 1-H1-1R on December 20, 2014. Plaintiff claims that on that date, Officers Brown and Milbourne were supervising inmates in Facility 1-H1-1R when Officer John Doe buzzed another inmate, Kevin Canfield, into that facility. Proposed Am. Compl. at. paras. 13-15, ECF No. 5-1. Mr. Byrd claims that Mr. Canfield then proceeded to pull Mr. Byrd from his wheelchair and repeatedly punch and kick Mr. Byrd. *Id*. at para. 16. Mr. Byrd asserts that he "sustained injury to his ribs and buttocks area" as a result. *Id*. Mr. Byrd alleges that Officers Brown, Milbourne, and Doe were negligent in their supervision of Mr. Canfield and improperly "allowed an unsupervised interaction" between Mr. Canfield and Mr. Byrd. *Id.* at para. 17. Mr. Byrd does not make any specific factual allegations against Warden Bonds, other than to allege generally that Warden Bonds is "legally responsible for the proper conduct and management of [SWSP] and for the conduct of all employees appointed by him and the care and treatment of the inmates." *Id.* at para. 9. Mr. Byrd seeks monetary damages as relief. *Id.* at p. 5.

### III. LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a

---

[1] Although Mr. Canfield is not listed as a defendant in the caption of Mr. Byrd's proposed amended complaint, he is formally identified as an additional defendant in the body of Mr. Byrd's proposed amended pleading. *See* Proposed Am. Compl. at. para. 5, ECF No. 5-1. Therefore, this Court will construe the proposed amended complaint as also naming Mr. Canfield as a defendant.

claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit.

To survive the Court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to

3

support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV. DISCUSSION

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

In light of the factual allegations detailed *supra*, this Court construes Mr. Byrd's proposed amended complaint as again attempting to assert a Section 1983 failure to protect claim. For the reasons detailed *infra*, Mr. Byrd's proposed amended complaint does not cure the deficiencies noted by the Court when it dismissed his original complaint.

### A. Kevin Canfield

As an initial matter, Mr. Byrd's allegations against his fellow inmate, Kevin Canfield, set forth no basis for a claim under Section 1983, which provides a remedy against persons acting

under color of state law. Mr. Canfield is himself incarcerated; he is not a state actor. *See Simonton v. Tennis*, 437 F. App'x. 60, 62 (3d Cir. 2011). Nor do the facts set forth in Mr. Byrd's proposed amended complaint in any way suggest that Mr. Canfield somehow acted on behalf of the state or conspired with state actors when he assaulted Mr. Byrd on December 20, 2014. *See id*. (fellow inmate who assaulted plaintiff did not act under color of state law and thus could not be liable under 42 U.S.C. § 1983). This Court will therefore dismiss Mr. Byrd's Section 1983 claim against Mr. Canfield.

B. Officer Brown, Officer Milbourne, Officer Doe, and Administrator Bonds

To state a claim against a prison official for failure to protect, "the inmate must plead facts that show: (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997)). "Deliberate indifference" is a subjective standard whereby "'the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety.'" *Id.* (citing *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)). As noted by the Third Circuit:

> It is not sufficient that the official should have known of the risk. [*Beers Capitol*, 256 F.3d at] 133. A plaintiff can, however, prove an official's actual knowledge of a substantial risk to his safety "in the usual ways, including inference from circumstantial evidence." *Farmer*, 511 U.S. at 842. In other words, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.*

*Bistrian*, 696 F.3d at 367.

Mr. Byrd's proposed amended complaint fails to allege with any facial plausibility and specificity that he was incarcerated under conditions posing a substantial risk of serious harm to him. Mr. Byrd similarly fails to allege facts suggesting that any of the SWSP officials identified in his proposed amended complaint, *i.e.*, Officer Brown, Officer Milbourne, Officer Doe, and Administrator Bonds, were aware that allowing Mr. Canfield entry into Facility 1-H1-1R would in any way jeopardize Mr. Byrd's safety, much less that doing so would somehow create the excessive risk to inmate safety necessary for Mr. Byrd to establish a *prima facie* failure to protect claim. Mr. Byrd likewise fails to allege any facts to suggest that a known risk existed which the aforementioned SWSP officials acted with deliberate indifference to. Accordingly, Mr. Byrd's proposed amended complaint fails to state a failure to protect claim against any of those defendants.[2]

As there are no other federal claims asserted against any of the defendants, any remaining potential basis for this Court to consider Mr. Byrd's state law claims lies within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, when a court has dismissed all claims over which it had federal question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. *See id.* at § 1367(c)(3). This Court will exercise its discretion to decline supplemental jurisdiction over any state law claims Mr. Byrd is pursuing in his proposed amended complaint.

---

[2] Because Mr. Byrd has failed to state a *prima facie* failure to protect claim against any of the defendants, the Court will not separately analyze whether Administrator Bonds, in his role as a "supervisor-defendant may be liable for unconstitutional acts taken by subordinates." *See*, *e.g.*, *Barkes v. First Correctional Medical, Inc.*, 766 F.3d 307, 316 (3d Cir. 2015), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2017).

## V. CONCLUSION

For the foregoing reasons, Mr. Byrd's proposed amended complaint will be dismissed without prejudice as Mr. Byrd fails to state a federal claim for relief and this Court declines to exercise supplemental jurisdiction over Mr. Byrd's state law claims. Mr. Byrd shall be given one final opportunity to submit a complaint that meets the pleading standards detailed above. If Mr. Byrd, fails to allege facts sufficient to survive § 1915 review in his second amended complaint, the Court may conclude that permitting further amendment would be futile and dismiss the complaint with prejudice. *See Hoffenberg v. Bumb*, 446 F. App'x 394, 399 (3d Cir. 2011); *Rhett v. N.J. State Superior Court*, 260 F. App'x 513, 516 (3d Cir. 2008) (affirming dismissal with prejudice after District Court gave *pro se* plaintiff several opportunities to comply with Rule 8).

An appropriate order follows.

DATED: December 20, 2017

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge
